1
2
3
4
5
6
7                        **UNITED STATES DISTRICT COURT**
8                        **SOUTHERN DISTRICT OF CALIFORNIA**
9

| 10 | JOHN PAUL FREITAG, | CASE NO. 11-CV-2929 - IEG (JMA) |
|---|---|---|
| 11 | Plaintiff, | **ORDER:** |
| 12-13 | | **(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;** |
| 14 | vs. | [Doc. No. 2] |
| 15 | | **(2) *SUA SPONTE* DISMISSING COMPLAINT; AND** |
| 16 | | [Doc. No. 1] |
| 17-19 | CITY OF SAN DIEGO AMBASSADORS, Defendants. | **(3) DENYING WITHOUT PREJUDICE AS MOOT MOTION FOR APPOINTMENT OF COUNSEL** |
| 20 | | [Doc. No. 3] |

Plaintiff commenced this action on December 16, 2011 against the City of San Diego Ambassadors ("Ambassadors"). [Doc. No. 1.] Along with his complaint, Plaintiff submitted a motion to proceed *in forma pauperis* and a motion for the appointment of counsel. [Doc. Nos. 2-3.] Having considered Plaintiff's submissions, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint, and **DENIES AS MOOT** Plaintiff's motion for the appointment of counsel.

# DISCUSSION

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). However, an action may proceed despite failure to pay the filing fee if the party is granted an *in forma pauperis* ("IFP") status. See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a).

In the present case, having reviewed Plaintiff's motion and declaration in support of the motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required filing fees. See Rodriguez, 169 F.3d at 1177. Accordingly, good cause appearing, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

## II. INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

After granting IFP status, the Court must dismiss the case if the complaint "fails to state a claim on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). In order to properly state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,–U.S.–, 129 S. Ct. 1937, 1949 (2009). A complaint must contain more than a "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "'The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id.

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)). Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there

1  is no "arguable basis in law" under <u>Neitzke</u>, and the court on its own initiative may decline to
2  permit the plaintiff to proceed and dismiss the complaint under Section 1915. <u>Cato v. United</u>
3  <u>States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

4       As currently pleaded, Plaintiff's complaint fails to state a cognizable claim against
5  Defendants.  Plaintiff's complaint consists of a string of conclusory legal statements and a list of
6  various interactions that Plaintiff has had with City of San Diego Safety Ambassadors over the last
7  month.  [<u>See</u> <u>Compl.</u>]  These factual allegations do not state a cognizable cause of action against
8  Defendants and at most merely state that at various times Defendants told Plaintiff that they would
9  call the police if Plaintiff did not move from his current location.  In addition, Plaintiff's complaint
10  fails to assert any basis for federal subject matter jurisdiction.

11       Even affording Plaintiff's complaint the special consideration given to *pro se* claimants, his
12  allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable legal
13  theory against the Defendants.  Although the Court must assume Plaintiff can prove the facts he
14  alleges in his complaint, the Court may not "supply essential elements of the claim that were not
15  initially pled."  <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).
16  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint as frivolous
17  and for failing to state a claim upon which relief can be granted.

18  **III.**    **MOTION FOR APPOINTMENT OF COUNSEL**

19       In addition to his complaint, Plaintiff has also filed a motion for appointment of counsel.
20  [Doc. No. 3.]  Because the Court dismisses Plaintiff's complaint in its entirety without prejudice,
21  Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE** as moot.

22                               **<u>CONCLUSION</u>**

23       Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma*
24  *Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES WITHOUT PREJUDICE** Plaintiff's
25  complaint as frivolous and for failing to state a claim upon which relief can be granted.  The Court
26  also **DENIES WITHOUT PREJUDICE** as moot Plaintiff's motion for appointment of counsel.

27       Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First
28  Amended Complaint addressing the deficiencies of the pleading set forth above.  Plaintiff is

1 cautioned his First Amended Complaint must be complete in itself, without relying on references to
2 the original Complaint.  Plaintiff is further cautioned any defendant not named or claim not
3 re-alleged will be considered waived.  See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

**DATED:** December 19, 2011

*(signature)*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**